IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-38-H(2)

| | |
|---|---|
| MICHELE PALMER PARKS, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM &** |
| | ) **RECOMMENDATION** |
| IP9 MF GLEN LLC, | ) |
| MADISON HUNTERS GLEN, | ) |
| JOE MULLEN, and DOMINQUE | ) |
| BARTILINI, | ) |
| Defendants. | ) |

This pro se case is before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Malcolm J. Howard, Senior United States District Judge. For the reasons set forth below, it is recommended that Plaintiff's complaint be dismissed.

## DISCUSSION

I.  Background

Plaintiff seeks to sue a property management company from which she previously rented an apartment for not making repairs, unlawfully disconnecting water service, unlawful eviction, and losses associated with the eviction. (1/31/2018 Prop. Compl. [DE #1-1] at 4.)

On June 19, 2018, this court ordered Plaintiff to particularize her complaint rather than recommending dismissal [DE #5]. The court also allowed Plaintiff's

application to proceed without prepayment of filing fees. On July 6 and July 9, 2018, Plaintiff filed two separate particularized complaints [DE ##6, 7].

## II. Standard for Frivolity Review

Notwithstanding the court's prior determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of

2

plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013).

III. Analysis

A review of Plaintiff's particularized complaints continues to raise the threshold issue of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); (6/19/2018 Order [DE #5] at 3–4). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *See id*.

Here, Plaintiff alleges federal-question jurisdiction based on "U.S. Civil Rights Act of 1968 Law 443." (7/9/2018 Prop. Compl. [DE #7] at ¶ 4; 1/31/2018 Prop. Compl. at 3.) The only federal housing law involving civil rights of which the undersigned is aware is the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, codified at 42 U.S.C. §§ 3601–3619. The Fair Housing Act generally prohibits discrimination in housing based on "race, color, religion, sex, familial status, or national origin." *See,*

3

*e.g.*, 42 U.S.C. § 3604(b). Plaintiff's particularized complaints do not allege any form of discrimination prohibited by the Fair Housing Act. (*See* 7/6/2018 Prop. Compl. [DE #6]; 7/9/2018 Prop. Compl.) Thus, the undersigned discerns no basis for federal-question jurisdiction.

Furthermore, Plaintiff has not demonstrated a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1331. Subject matter jurisdiction based on diversity of citizenship between the parties requires (i) that each plaintiff be a citizen of a state different than that of each defendant; and (ii) that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552–53 (2005) (explaining diversity jurisdiction). Citizenship for purposes of diversity jurisdiction depends on domicile. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998). "[T]he existence of [] citizenship cannot be inferred from allegations of mere residence, standing alone." *Id.* (citing *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925)).

Plaintiff has alleged she is a resident of North Carolina and Defendants are residents of North Carolina and Pennsylvania (*see* 7/6/2018 Prop. Compl. at 1; 7/9/2018 Prop. Compl. at 1), but she has not included any information from which the court may determine their citizenship. Moreover, even if the court were to infer that Plaintiff's allegations of residency constituted allegations of citizenship, diversity jurisdiction would be lacking because Plaintiff and at least one of the defendants is alleged to reside in North Carolina. Thus, based on the totality of allegations contained in the pleadings, the undersigned discerns no basis for the exercise of

diversity jurisdiction. *See Brisset v. Shoaf Law Firm, P.A.*, No. 5:12-CV-781-FL, 2013 WL 6713123, at *5 (E.D.N.C. Dec. 19, 2013) (analyzing whether pro se litigant had pleaded diversity jurisdiction by considering the totality of allegations contained in the pleadings).

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **September 14, 2018**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. Dec. 2017).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the

Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 28th day of August 2018.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge